IN THE CIRCUIT COURT OF THE 20TH JUDICIAL CIRCUIT IN AND FOR LEE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.:

JOHN GREEN AND DEANNA GREEN,

    PLAINTIFFS,

VS.

THE CINCINNATI INSURANCE COMPANY,

    DEFENDANT.

_____/

## COMPLAINT

COMES NOW, Plaintiffs, JOHN GREEN AND DEANNA GREEN (hereinafter "Plaintiffs"), by and through the undersigned attorney, and sue the Defendant, THE CINCINNATI INSURANCE COMPANY (hereinafter referred to as "Defendant"), a corporation authorized and doing business in the State of Florida and alleges as follows:

1. This is an action for damages MORE than fifty thousand dollars ($50,000.00), exclusive of interest, costs and attorneys' fees, and is otherwise within the jurisdictional limits of this Court.

2. That at all times material hereto the Plaintiffs were and are residents of Lee County, Florida and/or are the owners of property located in Lee County that are the subject of this lawsuit, and are otherwise *sui juris*.

3. That at all times material hereto to the Defendant was and is an insurance corporation transacting and/or doing business in the State of Florida and in Lee County, Florida.

4. That at all times material hereto, Defendant was and is authorized by the Florida Department of Financial Services to issue property insurance policies in Florida.

5. That at all times material hereto, in consideration of premiums paid by Plaintiffs to Defendant, there was in full force and effect the insurance policy bearing policy number H03 1043481 (hereinafter the "Policy"). Plaintiffs are not in possession of the Policy, but have reason to believe that Defendant has a copy of the policy, and therefore Plaintiffs will obtain a copy during discovery.

6. Under the terms of the Policy, Defendant insured Plaintiffs against certain losses to Plaintiffs' property located at 16950 CAPTIVA DR, SANIBEL, FL 33957 (hereinafter the "Property"), including coverage for damage to the dwelling, other structures, personal property, and for loss of use.

7. On or about September 28, 2022, while the Policy was in full force and effect, the Property was damaged as a result of a covered loss caused by WIND from HURRICANE IAN, resulting in sudden and direct physical loss to the Property (hereinafter the "Loss").

8. Plaintiffs furnished Defendant with timely notice of the Loss for damages to the Property resulting from Wind from Hurricane Ian.

9. Defendant acknowledged Plaintiffs' Loss and assigned claim number 3997130 to the Loss.

10. Plaintiffs furnished Defendant with proof of the claim, have materially satisfied their post-loss obligations, and have otherwise performed all conditions precedent to recover under the Policy and under the applicable Florida Statutes.

11. Defendant determined that Plaintiffs' Property was damaged by wind, and that the damage to the Property for the Loss is covered by the Policy.

12. Defendant determined that there was coverage for the Loss under the Policy for the Plaintiffs' Property.

13. However, the amount of the Loss determined by Defendant has left the Plaintiffs uncompensated to fund the repairs necessary to restore the Property from the damage caused by Hurricane Ian to the condition it was in prior to the Loss.

14. Defendant has failed and continues to fail to pay either all or part of Plaintiffs' covered claim for damages caused by the Loss.

## COUNT I—BREACH OF CONTRACT

Plaintiffs readopt, re-allege, and re-aver Paragraphs 1—14 above as if fully stated herein, and further allege as follows:

15. It is undisputed that Plaintiffs entered into a written contract, the Policy, wherein Plaintiffs agreed to pay a premium and Defendant agreed to insure Plaintiffs' Property.

16. Plaintiffs paid all premiums due and owing as contemplated by the Policy, thus the Policy was in full force and effect at all relevant times hereto and the Plaintiffs fully performed their obligations under the Policy.

17. Defendant breached the Policy contract by failing to pay the full amount of insurance benefits due and owing to Plaintiffs.

18. As a direct and proximate result of Defendant's breach of the Policy, Plaintiffs have sustained damages which are due and owing to Plaintiffs under the terms of the Policy as a result of the Loss.

19. Plaintiffs have been damaged by Defendant's breach of the Policy by not having been compensated for the damages.

20. As a direct and proximate result of Defendant's actions, Plaintiffs have been obligated to engage the undersigned attorney for the prosecution of this action and have become obligated to pay them a reasonable fee for their services in this action.

21. Plaintiffs are entitled to an award of Plaintiffs' attorneys' fees and costs pursuant to Section 627.428, Florida Statutes and/or Section 626.9373, Florida Statutes, or other applicable Florida law.

WHEREFORE, Plaintiffs, JOHN GREEN AND DEANNA GREEN, demands judgment against Defendant, THE CINCINNATI INSURANCE COMPANY, for damages including but not limited to damage to the building, personal property, loss of use, interest allowed by law, and reasonable attorneys' fees and costs pursuant to Section 627.428 or Section 626.9373, Florida Statutes, or other applicable law.

## DEMAND FOR JURY TRIAL

Plaintiffs, JOHN GREEN AND DEANNA GREEN, demand trial by jury of all issues triable as a matter of right by jury.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served with the Summons and Complaint on Defendant.

**Premier Property Law PLLC**
*Attorney for Plaintiffs*
1314 East Las Olas Blvd, Suite 1004
Fort Lauderdale, Florida 33301
Telephone (954) 233-0120
Primary Email: ahb@premproplaw.com
Secondary Email: sf@premproplaw.com
Tertiary Email: team@premproplaw.com

By: /s/ Alexander Bowen
Alexander Bowen, Esq.
Florida Bar No. 1017752