# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

**JOHN GREEN** and **DEANNA GREEN**,

    Plaintiffs,

v.                                                                              2:25-cv-431-JES-NPM

**THE CINCINNATI INSURANCE COMPANY**,

    Defendant.

## ORDER

This action involves a dispute over insurance benefits for property damage after Hurricane Ian. Plaintiffs John and Deanna Green assert they are entitled to invoke appraisal under the plain language of the insurance policy's appraisal provision. Defendant Cincinnati Insurance opposes this contention, emphasizing that the appraisal provision requires *both* parties to consent. The applicable provision reads, in pertinent part, as follows:

    5. Mediation or Appraisal

                              *                      *                      *

    b. If "you" and "we" fail to agree on the amount of loss, either party may request an appraisal of the loss. **However, both parties must agree to the appraisal.** In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, "you" or "we" may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of the loss. If the appraisers submit a written report of an agreement to "us", the amount agreed

upon will be the amount of the loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of the loss.

Each party will:

(1) Pay its own appraiser; and

(2) Bear the other expenses of the appraisal and umpire equally.

(Doc. 10-1 at 29) (emphasis added).

Nowhere in the plaintiffs' fifteen-page motion did they grapple with the mutuality of the appraisal provision. Rather, they ignore this portion of the provision and pretend as if it does not exist. Consequently, they cite inapplicable case law concerning policies with unilateral appraisal provisions[1] (Doc. 19 at 4-13) and overlook on-point authority discussing provisions that require mutuality. *See, e.g., Michael Ray v. QBE Specialty Ins. Co.*, No. 2:24-cv-873-SPC-NPM, 2025 WL 1083635 (M.D. Fla. Mar. 7, 2025). Plaintiffs' lack of candor flies in the face of the professionalism expectations incorporated in our civil action order and local rules. (Doc. 6 at 11; M.D. Fla. R. 2.01(e)). Frankly, the Greens are lucky that Cincinnati Insurance did not request sanctions. But that ship has sailed.

Plaintiffs' amended motion to compel appraisal (Doc. 19) is **DENIED**. Defendant's request for oral argument (Doc. 21) is **DENIED as moot**. All deadlines

---

[1] Such provisions typically state: "If we and you disagree on the value of the property or the amount of loss, ***either*** may make written demand for an appraisal of the loss." *Christian Life Fellowship of Lee Cnty. Inc. v. Westchester Surplus Lines Ins. Co.*, No. 2:24-mc-17-JES-NPM, 2025 WL 621978, *1 (M.D. Fla. Feb. 26, 2025) (emphasis added).

outlined in the Hurricane Case Management and Scheduling Order (Doc. 7) will run from the date of this order.

**ORDERED** on August 25, 2025

_____
NICHOLAS P. MIZELL
United States Magistrate Judge